PEOPLE v ARTHUR JOHNSON

CRIMINAL LAW—WITNESSES—EXCLUSION—PRESERVING QUESTION.

Exclusion of testimony of a witness who presumably would have corroborated defendant's testimony that he was not a participant in a breaking and entering because he was at the witness's home until minutes before his arrest was not preserved as a question for appeal where defendant's counsel agreed that the witness was an alibi witness when the prosecutor objected on the ground that no notice of alibi had been served, and did not object to exclusion of the testimony.

Appeal from Recorder's Court of Detroit, George T. Ryan, J. Submitted Division 1 June 14, 1972, at Detroit. (Docket No. 12578.) Decided July 31, 1972.

Arthur Johnson was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error §§ 553, 603.

21 Am Jur 2d, Criminal Law § 137.

Validity and construction of statute requiring defendant in criminal case to disclose matter as to alibi defense, 45 ALR3d 958.

* Former Supreme Court Justice, sitting on the Court of Appeals by

O'HARA, J. Defendant appeals his jury conviction for breaking and entering with intent to commit larceny. MCLA 751.110; MSA 28.305.

Our review of the record indicates that in all respects but one the questions presented are the traditional ones of weight and credibility of testimony. The jury resolved them against defendant. Our appellate function does not extend to substituting our judgment for theirs.

One assignment of error is in a different category. The name of a witness, one Roosevelt Lewis, who was present in the courtroom, came into the record by reason of cross-examination. Defendant had testified in substance that he could not possibly have been a participant in the charged offense because he was at Lewis' home until minutes before his apprehension. The Lewis residence is very close to the premises looted. Defendant was wearing a cast on one leg as a result of a prior injury. The prosecuting attorney, after learning that Lewis was in the courtroom, asked that the jury be excused and argued that Lewis' testimony, if he were called, would be inadmissible because Lewis would be an alibi witness and admittedly no notice of alibi had been served as required.

Zealous counsel for defendant alleges that Lewis was not an alibi witness within the meaning of MCLA 768.20; MSA 28.1043, and that the exclusion of his testimony was prejudicial to defendant's cause.

A perusal of the colloquy which occurred between defense counsel and the trial court regarding Lewis' eligibility to testify discloses that defendant's trial counsel specifically stated his agreement that Lewis was properly categorized as an alibi witness. Thus, not only was there no objec-

---

assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion made during trial to Lewis' exclusion, but defense counsel concurred in the position taken by the people. It was not equivocal; it was in direct response to the trial judge's question as to what legal position was taken by the defense.

Obviously, under our burden of review of appeals of right, we cannot try every case *de novo.* In all but rare situations our review is limited to error specified and preserved. It is manifest that in this case the trial judge never reached the question. When defense counsel acquiesced in the people's position the trial judge said in effect "that settles that".

Yet, in this case we went further than the claimed error raised first on appeal. We reviewed the total record with extreme care. That review does not indicate to us a miscarriage of justice. Perforce, we abide the statute:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission *or rejection of evidence,* or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. (Emphasis added.) MCLA 769.26; MSA 28.1096,

and of necessity we affirm.

All concurred.